United States District Court
District of Massachusetts

```
_____
                            )
MATTHEW A. CUMMINGS,        )
                            )
          Plaintiff,        )
                            )
     v.                     )
                            )
CITY OF NEWTON and SETTI D. )    Civil Action No.
WARREN,                     )    15-13462-NMG
                            )
          Defendants.       )
_____ )
```

MEMORANDUM & ORDER

GORTON, J.

       Matthew Cummings ("plaintiff" or "the Chief") brings this
suit against the City of Newton and Mayor Setti D. Warren
(collectively "defendants") seeking, among other things,
indemnification for expenses incurred in connection with claims
brought against him and the City of Newton by a former
subordinate who claims he orally and physically abused her.  As
a result of those claims of abuse, the City attempted to
discharge the Chief.  Although the City won at the agency level,
it lost when the matter was referred to arbitration.  The City
appealed to the Massachusetts Superior Court where the case
remains pending.  Plaintiff brings a tort claim and several
federal and state claims for violation of his constitutional
rights.

Pending before the Court is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Defendants submit that plaintiff's complaint fails to state a claim for which relief can be granted because plaintiff failed to exhaust his contractual remedies.  For the reasons that follow, defendants' motion to dismiss will be allowed, in part, and denied, in part.

I.  **Background**

From January, 2009 through January, 2014, the Chief and the City of Newton were parties to a five-year employment contract ("agreement"), which explained the details of plaintiff's role as Chief of Police of the City of Newton.  In September, 2011, Vincent Nguyen ("Nguyen"), the clerk in charge of collections for paid police details in the Office of the Chief of Police, made an allegation of theft against Jeanne Sweeney Mooney ("Mooney"), who was plaintiff's Executive Secretary.  Various City representatives and plaintiff made the decision to place Mooney on paid administrative leave pending an investigation. Despite finding probable cause to believe that Mooney had committed larceny over $250, the City decided in January, 2012 not to file a criminal complaint or take disciplinary action. Plaintiff opposed the City's decision.

In May, 2012, Mooney reported that, among other acts of misconduct, plaintiff had called her a "bitch" and a "whore" more than two years earlier and that he had kicked her, injuring

-2-

her foot and breaking her shoe.  Mooney served the City with a
letter demanding $600,000.  In June, 2012, at the direction of
defendant Mayor Warren, the Newton Police Department filed a
criminal complaint against Mooney for the alleged theft.  In
August, 2012, a Clerk Magistrate in Framingham District Court
determined that there was probable cause to believe Mooney had
committed larceny over $250.  She was charged and subsequently
acquitted in May, 2013.

In the process of investigating the allegation against
Mooney, the City hired an independent investigator to look into
Mooney's allegations against the Chief.  During that
investigation, plaintiff voluntarily appeared without counsel
for three separate interviews, none of which was audio/video
recorded.  He denied all of Mooney's allegations.

In August, 2012, the investigator nevertheless determined
that Mooney's allegations were credible.  The Chief's employment
agreement provided that "conduct unbecoming" was grounds for
termination and, as a result of the investigator's finding, he
was placed on administrative leave pending a hearing.  Prior to
the hearing, however, defendant Mayor Warren made a public
statement to several media sources that he accepted the
investigator's findings as true and intended to terminate the
Chief.

In response to a complaint filed by Mooney with the Massachusetts Commission Against Discrimination ("MCAD") in July, 2012, the City filed a Position Statement, purportedly on plaintiff's behalf.  The Position Statement declared that plaintiff acted alone when he chose to pursue the criminal complaint against Mooney, presumably in an effort to exculpate defendant Mayor Warren and other City officials.  Plaintiff was not afforded an opportunity to view the Position Statement prior to its submission, nor did the City provide separate representation to plaintiff for the MCAD proceeding.

In October, 2012, the City of Newton attempted to discharge plaintiff after a hearing.  After losing that dispute twice at arbitration, the City appealed in the Massachusetts Superior Court where it remains pending.  Meanwhile, Mooney sued the City and the plaintiff in federal court.  Summary judgment in that case was entered in favor of the Chief and the City with respect to her tort claims and claims for violations of various civil and constitutional rights, but Mooney retains some state law claims.

Plaintiff seeks indemnification from the City for the previous and ongoing litigation against him.  The City has refused, forcing the Chief to retain private counsel at what he describes as considerable personal expense.  Pending before the Court is defendants' motion to dismiss.  The City and the Mayor

-4-

seek to dismiss plaintiff's claims as barred by his failure to exhaust his contractual remedies, i.e. avail himself to arbitration.  For the reasons set forth below, defendants' motion will be allowed, in part, and denied, in part.

## II.  **Motions to dismiss**

### A.  **Legal standard**

The City is correct that public policy favors arbitration of disputes. McCarthy v. Azure, 22 F.3d 351, 355 (1st Cir. 1994).  Arbitration is, however, only appropriate for resolution of disputes that "the parties have agreed to submit to arbitration." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995).  In order to forego litigation and compel arbitration, the moving party must show

> that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope.

Dialysis Access Ctr., LLC v. RMS Lifeline, Inc., 638 F.3d 367, 375 (1st Cir. 2011).

### B.  **Application**

In the instant case, both parties acknowledge the existence of a valid and binding arbitration agreement.  Thus, the only remaining issue is whether plaintiff's claims come within the scope of the arbitration agreement. Soto-Fonalledas v. Ritz-Carlton San Juan Hotel Spa & Casino, 640 F.3d 471, 474 (1st Cir.

2011).  The Chief's employment agreement with the City mandates arbitration in four kinds of disputes: 1) a dispute concerning the meaning of the terms of the agreement, 2) a claim of breach of the agreement, 3) termination of the agreement and 4) termination of the Chief of Police's employment.

### Count One: 42 U.S.C. § 1983 – Procedural Due Process

Plaintiff claims that he possesses a property interest in his continued employment with the City that is constitutionally and statutorily protected and that the process provided to him to protect that interest was inadequate.  Specifically, plaintiff submits that there has been undue delay in vindicating his property interest through excessive arbitration and the City's second appeal in state court.  Despite the arbitrator's original finding that plaintiff had been wrongfully terminated, defendants have continued to deprive him of his employment and associated compensation.  The Chief's employment agreement with the City expired in January, 2014 while the City's appeal was pending.  The City's undue delay in vindicating plaintiff, so he declares, has been costly and has deprived him not only of his just compensation but also of his good reputation and employment prospects.

Defendants respond that Count One is rightfully in arbitration because it pertains to the termination of plaintiff's employment and therefore falls within category four

-6-

of the arbitration clause. The substance of that count does not, however, concern the initial termination itself but rather the continued deprivation of plaintiff's property right after he was found to have been wrongfully terminated.

The City cites <u>Brennan</u> v. <u>King</u>, 139 F.3d 258 (1st Cir. 1998) in support of its motion to dismiss but seems to misinterpret the holding in that case.  The <u>Brennan</u> Court held that a university faculty member could not be compelled to arbitrate the denial of his tenure because his employment agreement limited tenure arbitration to "procedural issues." <u>Id.</u> at 264-66.  The faculty member's claims went to the merits of the university's decision to deny him tenure, placing his claims outside the scope of arbitration. <u>Id.</u>

This Court applied a similar analysis in <u>Williams</u> v. <u>HealthAlliance Hospitals, Inc.</u>, 158 F.Supp.2d 156 (D. Mass. 2001).  In <u>Williams</u>, an employer sought to compel arbitration of its employee's ERISA claims which arose out of the employer's decision to deny the employee benefits. <u>Id.</u> at 160.   The employment agreement provided for arbitration in the event that an employee was "dissatisfied" with the employer's decision regarding benefits. <u>Id.</u> at 160.  Thus, the <u>Williams</u> claimant was bound by the arbitration clause while the <u>Brennan</u> claimant was not because the former's claims went directly to "the merits of the decision to deny benefits" which was within the scope of the

-7-

broader arbitration clause. Id. at 161.  Guided by that
framework, this Court must look to the substance of each claim
and analyze whether the alleged conduct falls within the scope
of the arbitration clause.

Just as the wrongful denial claim in Brennan was outside
the scope of the narrow arbitration clause, Count One of the
instant complaint concerns the status of plaintiff's property
right following his exoneration rather than the dispute that led
to his termination.  With respect to Count One of plaintiff's
complaint, defendants' motion to dismiss will be denied.

Count Two: 42 U.S.C. § 1983 – Substantive Due Process

Plaintiff reasserts that, at all relevant times, he
retained a property interest in his continued employment with
the City.  The Chief claims that defendants acted with "reckless
disregard" for his rights and did so with the purpose of harming
his protected interests.  The arbitrators found that plaintiff
was wrongfully terminated by the City and summary judgment was
entered in his favor in Mooney's federal suit against him.  As
with Count One, Count Two pertains to the City's failure to make
plaintiff whole after his vindication.

The Chief disputes the manner in which the City has delayed
the restoration of his property interest rather than the
allegations that led to his termination.  Plaintiff's alleged
injury arises from the City's failure to award him his rightful

-8-

compensation and benefits after he was found to have been wrongfully terminated.  If he proves his case, the City's actions have caused plaintiff to suffer substantial financial loss because he has been without employment and has had to finance his own defense against Mooney.  The claim, therefore, concerns economic harm caused by defendants rather than the dispute between Mooney and plaintiff that led to plaintiff's termination.  With respect to Count Two of plaintiff's complaint, defendants' motion to dismiss will be denied.

        Count Three: Breach of Contract

        The Chief claims that defendants breached his employment agreement by terminating him without cause and denying him procedural and substantive due process.  He concedes, however, that his breach of contract claim is limited to resolution by arbitration.  With respect to Count Three of plaintiff's complaint, defendants' motion to dismiss will be allowed.

        Count Four: Breach of Contract

        The Chief also claims that the City breached his employment agreement by failing to indemnify him for his defense against Mooney's claims.  He concedes again that this separate breach of contract claim is limited to resolution by arbitration.  With respect to Count Four of plaintiff's complaint, defendants' motion to dismiss will be allowed.

<u>Count Five: M.G.L. c. 12, §§ 11H and I (Massachusetts Civil
Rights Act)</u>

Plaintiff reasserts his right to his continued employment
with the City and alleges that defendant Mayor Warren adversely
affected that right through coercion and threats of economic
harm in violation of the Massachusetts Civil Rights Act.  The
Chief contends that the Mayor's actions, including his attempt
to exonerate himself and inculpate plaintiff with respect to the
decision to file a criminal complaint against Mooney, were
particularly threatening given his position of authority.

Count Five is outside the scope of the arbitration clause
because it does not concern the dispute regarding the
termination of plaintiff's employment.  Instead, Count Five
pertains to the defendants' decision to file a Position
Statement with MCAD without giving plaintiff, who was the Chief
of Police at that time, the opportunity to preview it.  In doing
so, defendants withdrew their support of plaintiff without
explanation and exposed him to significant financial liability.
That chain of events does not fall within category four of the
arbitration clause because it is entirely separate from the
reasons for termination of plaintiff's employment.  With respect
to Count Five of plaintiff's complaint, defendants' motion to
dismiss will be denied.

<u>Count Six: Intentional Interference with Advantageous
Relations</u>

The Chief contends that he enjoyed an advantageous
relationship with the City through his employment as Chief of
Police.  He alleges that the Mayor negatively impacted that
relationship by interfering with his ability to continue his
career free from unworthy allegations, "as well as to seek and
secure promotional or other desirable employment opportunities."

Mooney's MCAD complaint alleged that the Chief had filed
the criminal complaint against her in retaliation for her
harassment allegations.  He responds that, despite defendants'
collective knowledge that the retaliation allegation was false,
the City reported in its Position Statement that the Chief had
acted alone and without authority in filing the criminal
complaint against Mooney.  The purportedly false Position
Statement subjected plaintiff to significant financial
liability.  For his part, the Mayor made public statements
asserting his intention to terminate plaintiff for his
deplorable behavior before a hearing had even been scheduled.

Plaintiff has adequately pled both emotional and financial
harm as a result of defendants' conduct, which did not concern
the "conduct unbecoming" allegations that ostensibly led to his
termination.  Plaintiff's claim that defendants interfered with
his advantageous relationship therefore does not fall under any

-11-

of the provisions of the arbitration clause.  As to Count Six of plaintiff's complaint, defendants' motion to dismiss will be denied.

       <u>Count Seven: Good Faith and Fair Dealing</u>

       Plaintiff asserts that there is an implied covenant of good faith and fair dealing associated with his employment relationships.  He alleges that Mayor Warren breached that covenant through his intentional and malicious actions towards plaintiff.  In particular, the Mayor's public statements inculpated plaintiff before he an opportunity to an unbiased hearing.  In doing so, the Mayor purportedly inhibited plaintiff's ability to receive the benefits of his employment with the City.

       Count Seven does not concern the dispute between Mooney and the Chief that ultimately led to plaintiff's termination but rather defendants' alleged malicious conduct throughout the investigation and the damage inflicted upon the Chief as a result.  Plaintiff's claim that defendants violated the covenant of good faith and fair dealing does not pertain to the initial decision to terminate him or any aspect of the employment agreement.  Therefore, Count Seven does not fall under any of the provisions of the arbitration clause.  With respect to Count Seven of plaintiff's complaint, defendants' motion to dismiss will be denied.

Count Eight: Intentional Infliction of Emotional Distress
("IIED")

The Chief alleges that Mayor Warren intentionally inflicted emotional distress upon him through his "extreme and outrageous" conduct.  As a result, plaintiff claims to have suffered great "embarrassment and humiliation."  In particular, plaintiff refers to the Mayor's public statements made prior to plaintiff's hearing.  He acknowledges that his employment agreement provides for arbitration of disputes regarding the termination of his employment but argues that under Brennan arbitration is not the sole remedy available to a claimant raising issues outside the scope of the arbitration clause. Brennan at 264-66.

Plaintiff does not seek to have this Court review whether or not his termination violated the employment agreement. Instead, he seeks recovery for the alleged emotional distress he suffered as a result of the defendant Warren's accusations against him.  Plaintiff retains the right to file suit against the Mayor for his public statements, independent from plaintiff's alleged wrongful termination.  As to Count Eight of plaintiff's complaint, defendants' motion to dismiss will be denied.

Count Nine: Declaratory Judgment

Plaintiff's request for declaratory judgment is unsupported by factual allegations.  In his memorandum, plaintiff challenges the City's denial of his indemnification pursuant to M.G.L. c. 258 § 9 and City Ordinance Section 2-116.  The complaint, however, states that he seeks relief under the terms of his agreement, not under the cited statute or ordinance.  The complaint seeks:

> a declaration that the City of Newton is liable to Plaintiff under the indemnification clause of the Contract for money paid in connection with his defense of the federal claims brought against him by Ms. [Mooney].

Plaintiff cites the subject City Ordinance but only in the "Facts" section as it provides context for one of the provisions of the agreement, not as an independent cause of action. The complaint merely quotes the permissive indemnification language of the City Ordinance but fails even to mention M.G.L. c. 258 § 9, which states that

> [p]ublic employers may indemnify public employees...if such employee...was acting within the scope of his official duties or employment.

Thus, plaintiff seeks relief not through interpretation and application of independent state and municipal law but rather through his agreement with the City.  While the arbitration clause cannot bar a claim to determine the rights afforded to plaintiff under state or city law, plaintiff has not claimed

-14-

that he is entitled to relief thereunder. See Brennan, 139 F.3d at 267 (holding plaintiff's breach of contract claim non-justiciable in light of arbitration agreement but affirming plaintiff's right to seek declaratory judgment on separate statutory claims.)

Instead, the complaint asserts that plaintiff is entitled to declaratory judgment pursuant to his employment agreement. The agreement mandates arbitration of disputes with respect to "the meaning or application" of the terms of the agreement, such as the indemnification clause.  Taking into account only the factual allegations in the complaint, plaintiff has failed to state a claim for declaratory judgment under M.G.L. c. 258 § 9 or City Ordinance Section 2-116.  As to Count Nine of plaintiff's complaint, defendants' motion to dismiss will be allowed.

## ORDER

For the foregoing reasons, defendants' motion to dismiss is, with respect to counts three, four and nine, **ALLOWED** but is otherwise **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton _____
Nathaniel M. Gorton
United States District Judge

Dated February 11, 2016